UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATRINA LEE, | No. 2:15-cv-2519 AC P |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA ATTORNEY GENERAL, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 4.

I.  Application to Proceed In Forma Pauperis

Plaintiff has submitted an incomplete application to proceed in forma pauperis. ECF No. 2. However, the court will not request additional information nor assess a filing fee at this time. Instead, the undersigned will dismiss the complaint for the reasons now explained.

II.  Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading

////

1  in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.
2  McKeithen, 395 U.S. 411, 421 (1969).

3      III.    <u>Failure to State a Claim</u>

4      Plaintiff alleges that after a civil case making unfounded allegations of elder abuse was
5  closed, the California Attorney General brought criminal charges against her for elder abuse
6  which led to the loss of her state and county contracts. ECF No. 1 at 3. Plaintiff seeks money
7  damages for the loss of business and "expung[e]ment." Id. at 4.

8      Prosecutors are absolutely immune from civil suits for damages under § 1983 which
9  challenge the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S.
10 409, 431 (1976). "Thus, a prosecutor enjoys absolute immunity from a suit alleging that he
11 maliciously initiated a prosecution." Genzler v. Longanbach, 410 F.3d 630, 637 (9th Cir. 2005)
12 (citing Imbler, 424 U.S. at 430); Lacey v. Maricopa County, 693 F.3d 986, 933 (9th Cir. 2012)
13 (prosecutor would have been entitled to absolute immunity even if he had "filed a baseless
14 information"). Plaintiff alleges that the California Attorney General initiated a baseless criminal
15 prosecution against her. Such claims, even if true, are barred by absolute prosecutorial immunity
16 and the complaint must be dismissed. To the extent plaintiff may be trying to challenge her
17 confinement, a habeas corpus petition is the correct method for a prisoner to challenge the
18 "legality or duration" of her confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)
19 (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); 28 U.S.C. § 2254.

20     IV.    <u>No Leave to Amend</u>

21     If the court finds that a complaint should be dismissed for failure to state a claim, the court
22 has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1124
23 (9th Cir. 2000). Leave to amend should be granted if it appears possible that the defects in the
24 complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v.
25 United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to
26 amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that
27 the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809
28 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a

complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, for the reasons set forth above, the complaint fails to state a claim. The defendant named in the complaint has immunity to the type of claim plaintiff is trying to bring, and amendment would therefore be futile. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).

V.   Summary

Even if plaintiff's claim that the Attorney General brought unfounded criminal charges against her is true, as a prosecutor the Attorney General has absolute prosecutorial immunity and cannot be liable under § 1983 for initiating a criminal case against plaintiff.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to proceed in forma pauperis (ECF No. 2) is denied and no filing fee will be assessed at this time.

2. This action is dismissed for failure to state a claim.

DATED: November 9, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE